FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SALVADOR CONSTANCIO,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendant. | No.  2:24-CV-38-MKD<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**ECF No. 14** |

Before the Court is Defendant's Motion to Dismiss.  ECF No. 14.  Plaintiff

is proceeding *pro se*.  Brian J. Baker represents Defendant.  The Court has

reviewed the record and is fully informed.  For the reasons set forth below, the

Court grants the motion and grants Plaintiff leave to file an Amended Complaint.

**BACKGROUND**

Plaintiff alleges the following facts in his Complaint.  ECF No. 1.  For a

period of 25 months, while employed with Defendant, Plaintiff alleges his

supervisor, Laura Hamilton, the Vocational Rehabilitation supervisor in

ORDER - 1

1    Defendant's Wenatchee office, "intimidated, harassed and discriminated" against

2    him on account of his unspecified disability.  *Id*. at 4, 7.  In December 2021,

3    Plaintiff "explained [his] reasonable accommodations" to Hamilton, who stated

4    they would need to discuss the matter with another employee.  *Id*. at 5.  In May

5    2022, Plaintiff "informed Laura Hamilton that [he] experienced workplace

6    discrimination."  *Id*. at 4.  Plaintiff "verbally communicated that a person should be

7    able to disclose their disability."  *Id*.  After trying to "share [his] disability" with

8    Hamilton, she "moved away from [Plaintiff] and shook her head no."  *Id*. at 5.  In

9    July 2022, Hamilton told Plaintiff his disability is "personal" and stated, "I don't

10   want you to feel like you need to tell me."  *Id*.  Plaintiff stated his disability is "part

11   of who [he] [is]."  *Id.*  Hamilton laughed at Plaintiff, who reported feeling

12   "shamed."  *Id*.  Plaintiff also alleges "there were many occasions my reasonable

13   accommodations were not followed," such as "there were time periods Dragon

14   NaturallySpeaking software was not accessible."  *Id*.

15       Plaintiff filed a Complaint on February 7, 2024, asserting as the basis for this

16   Court's jurisdiction the Americans with Disability Act (ADA) and Title VII of the

17   Civil Rights Act of 1964.  *Id*. at 3.  Plaintiff seeks damages in the amount of

18   $200,000.  *Id*. at 7.

19       Defendant moved to dismiss Plaintiff's Complaint on November 12, 2024.

20   ECF No. 14.

ORDER - 2

**LEGAL STANDARD**

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6), contending the Eleventh Amendment precludes Plaintiff's ADA claim and Plaintiff failed to plead sufficient facts to support a cognizable Title VII claim. ECF No. 14 at 2.

ORDER - 3

**A. ADA**

"The Eleventh Amendment prohibits a citizen from suing a state for monetary damages in federal court without its consent." *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1184 (9th Cir. 2003) (citations omitted). In *Board of Trustees of the University of Alabama v. Garrett*, the Supreme Court held that "Congress did not validly abrogate the States' [Eleventh Amendment] immunity from suit by private individuals for money damages under Title I [of the ADA]." 531 U.S. 356, 374 n.9 (2001). Thus, state agencies—such as Defendant—may not be sued by private citizens under Title I of the ADA. *See, e.g.*, *Tron-Haukebo v. Wa. State Dep't of Transp.* 2023 WL 7183573, at *2 (W.D. Wash. Nov. 1, 2023) ("Defendants—which are Washington state agencies—are arms of the state ordinarily immune from suit in federal court."); *Mayorga v. Wa.*, 2018 WL 1792195, at *3 (W.D. Wash. Apr. 16, 2018) (noting "[t]he state and its agencies enjoy immunity from all claims"); *Gibson v. Was. State Univ.*, 2013 WL 24392, at *3 (E.D. Wash. Jan. 2, 2013) ("Plaintiff's claims for monetary damages under Title I of the ADA and the ADEA are barred by the Eleventh Amendment."). To the extent Plaintiff asserts a claim arising under the ADA, it is precluded by the Eleventh Amendment. The Court therefore dismisses this claim without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals under the Eleventh Amendment should be without

ORDER - 4

1    prejudice so that the plaintiff "may reassert his claims in a competent court").  The

2    Court further denies leave to amend because no amendment can overcome

3    Defendant's Eleventh Amendment immunity.  *See Lucas v. Cal. Dep't of Corr.*, 66

4    F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se*

5    plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is

6    absolutely clear that no amendment can cure the defect" in the complaint).

7        **B. Title VII**

8        Title VII prohibits employers from engaging in discriminatory employment

9    practices on the basis of an "individual's race, color, religion, sex, or national

10   origin[.]"  42 U.S.C § 2000e-2(a)(1).  Plaintiff's Complaint alleges discrimination

11   on the basis of disability; it does not allege Defendant engaged in discriminatory

12   employment practices on the basis of race, color, religion, sex, or national origin.

13   In his response to Defendant's motion, Plaintiff—for the first time—alleges

14   discrimination "based on [his] race and color."  ECF No. 16 at 1.  However, "it is

15   'axiomatic that the complaint may not be amended by the briefs in opposition to a

16   motion to dismiss.'" *Apple Inc. v. Allan & Assoc. Ltd.*, 445 F. Supp. 3d 42, 59

17   (N.D. Cal. 2020) (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D.

18   Cal. 2014)); *see, e.g.*, *Lee v. City of Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

19   The Court thus dismisses this claim without prejudice and grants Plaintiff leave to

20   file an Amended Complaint.

ORDER - 5

**CONCLUSION**

For the reasons explained above, the Court grants Defendant's Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to Dismiss, **ECF No. 14**, is **GRANTED**.

2.    Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED without prejudice**.

3.    Plaintiff may file an Amended Complaint that sets forth facts sufficient to sustain a Title VII cause of action by February 10, 2025.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the parties.

DATED January 13, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6