United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff

v.

Washington State
Department of Social and Health Services, Defendant

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 10 2025

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON

No. 2:24-CV-38-MKD

Amended Complaint by Salvador Constancio

Writing is challenging for me and I do not have access to Dragon Naturally Speaking software. I would like to request additional time to formulate my amended complaint. However, if that is not acceptable, please accept the following amended complaint:

Title VII prohibits employers from engaging in discriminatory employment practices on the basis of an "individual's race, color, religion, sex, or national origin[.]" 42 U.S.C § 2000e-2(a)(1). I experienced discrimination on the basis of disability and on the basis of race and color at DSHS-DVR. My former supervisor Laura Hamilton made statements such as "I do not see color." That statement is dismissive, minimizes race, denies racial identity and is ingenuine.

Feb. 10, 2025

page 2 of 10

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended Complaint by Salvador Constancio

Her statement conveys a message, "Thank goodness I don't have to think about race." I am amending my complaint and am providing factual information that demonstrates disparate treatment. Disparate treatment is intentional discrimination. "Disparate treatment... is the most easily understood type of discrimination: The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin [or other protected class]." Int'l Bd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977); see also Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003). I was employed at the Wenatchee DSHS-DVR office. At that time there were two vocational rehabilitation counselors (VRC), two rehabilitation technicians (RT), and one Vocational rehabilitation supervisor (VRS).

Feb. 10, 2025

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended Complaint by Salvador Constancio

Both I and the other VRC were level 3. He is a white person and I am a Hispanic person. Our VRS Laura Hamilton is a white person and she treated me less favorably and "differently" than my coworker. For example, a primary work duty for a VRC is to determine customer eligibility for DSHS-DVR services. On 11/16/2023, VRS Laura Hamilton asked my VRC coworker if she could do two of his eligibility determinations. He said yes and she proceeded to complete his primary work duties. VRS Laura Hamilton treated me "differently", less favorably and disciplined me. VRS Laura Hamilton also did two of his intakes and worked on his cases. It is the job of a VRC 3 to make decisions about cases. VRS Laura Hamilton routinely made decisions about my VRC coworker's cases. She also did his work for him.

Feb. 10, 2025

page 4 of 10

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended complaint by Salvador Constancio

That action is diffirent than staffing a case with a Supervisor and a VRC making their decision about proceeding with a case. Additionally, an external vendor informed me that VRS Laura Hamilton worked on a case for him. VRS Laura Hamilton treated me "diffirently", less favorably and disciplined me. Another example occurred when my VRC coworker was allowed to be repeatedly late to work without consequence. However, if I was late one minute VRS Laura Hamilton consequenced me. The following are some dates/times my VRC coworker was late: 5/28/24 - 8:04 a.m., 5/24/24 - 8:03 A.M., 5/23/24 - 8:01 A.M., That morning VRS Laura Hamilton came to our cubicles at 8:00 A.M. She passed by my VRC coworker's cubicle. 5/16/24 - 8:01 a.m., 5/9/24 - 8:01 A.M., 5/6/24 - 8:03 a.m., 5/2/24 - 8:07 a.m., 4/30/24 - 8:07 a.m., 4/26/24 - 8:06 a.m., 4/25/24 - 8:02 a.m., 4/22/24 - 8:06 a.m., 4/19/24 - 8:04 a.m.

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended Complaint by Salvador Constancio

My VRC coworker's behavior continued for additional months. I would arrive to work at 7:00 A.M. VRS Laura Hamilton would not acknowledge or greet me. VRS Laura Hamilton greeted my coworkers and would talk with them. I felt isolated and did not feel welcomed by VRS Laura Hamilton. I identified that VRS Laura Hamilton would interrupt me when I talked with a R.T. coworker. She interrupted, did not acknowledge me and spoke to my R.T. coworker. VRS Laura Hamilton's behavior was disrespectful towards only me. On 7/31/23 I had a meeting with VRS Laura Hamilton. She interrupted me three times. It sometimes takes me time to verbally respond. That information is written on my reasonable accommodations meeting summary on page 3. VRS Laura Hamilton had access to that information.

Feb. 10, 2025

page 6 of 10

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-cv-38-MKD

Amended complaint by Salvador Constancio

She also previously stated, she reviewed it. VRS Laura Hamilton's behavior indicates she did not respect me. I felt intimidated. She had access to my limitations and made a decision to verbally interrupt me while communicating. Although I was isolated, intimidated and disrespected, I did my job to the best of my ability. I put forth my best effort and showed to work. VRS Laura Hamilton communicated to me that I represent an animal. Specifically a sloth animal. The definition of a sloth is "disinclination to action or labor" and "spiritual apathy" and "inactivity." Other words that describe a sloth include: slow, lazy, drowsy, indolent and primitive. Due to disabilities, I have a slower pace. However, I am not lazy, drowsy, indolent or primitive. I felt that VRS Laura Hamilton was making fun of me because of who I am.

Feb. 10, 2025

page 7 of 10

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended complaint by Salvador Constancio

I am an Autistic Hispanic 48 year old person who worked for DSHS-DVR for more than 9 years. I did request my 5 year certificate but did not receive it. Over time VRS Laura Hamilton has treated me less favorably and "differently" than my coworkers. During a virtual unit meeting a coworker from another office demonstrated unprofessional and hostile behavior toward me. I felt intimidated and publicly shamed in front of my coworkers. VRS Laura Hamilton did not intervene. I verbally communicated to my coworker that I felt uncomfortable. My coworker's tone was very fast loud and her pace was fast. I saw VRS Laura Hamilton smile while my coworker continued to talk. I did not feel well after the meeting and requested leave that afternoon. VRS Laura Hamilton never followed up with me about that incident.

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
V.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended complaint by Salvador Constancio

After the meeting, another DSHS employee not with DVR heard us and she said the person I was talking to reminded her of a previous supervisor. The DSHS employee rubbed her arms and shook her body. She communicated that my coworker's voice brought back past uncomfortable memories. That incident had a profound negative impact on me. My participation at DVR monthly unit meetings decreased due to lack of psychological safety.
VRS Laura Hamilton consistently treated me less favorably and "different" then my coworkers.
In another situation, VRS Laura Hamilton excused herself from an interview process that involved hiring a new R.T. I was part of the 1st interview process. The person hired later left DSHS-DVR. When the R.T. position opened up again the same person applied for the R.T. position.

Feb. 10, 2025

page 9 of 10

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
v.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended complaint by Salvador Constancio

VRS Laura Hamilton did not excuse herself from the 2nd hiring process. The person hired later stated VRS Laura Hamilton recruited her for the R.T. position. Both VRS Laura Hamilton and the person hired are white DSHS-DVR employees.

To establish a prima facie case of disparate treatment, a plaintiff must provide evidence that "gives rise to an inference of unlawful discrimination." Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002).

I provided examples of discriminatory treatment which "gives rise to an inference of unlawful discrimination." I received an order granting motion to dismiss without prejudice ECF No. 1. I would like to communicate that I would decrease damages to 0.00 if that meant I could continue with ECF No. 1.

Feb. 10, 2025

page 10 of 10

United States District Court
Eastern District of WA

Salvador Constancio, Plaintiff
V.
Washington State
Department of Social and Health Services, Defendant

No. 2:24-CV-38-MKD

Amended complaint by Salvador Constancio

Thank you for your time. I hope to continue moving forward with my case.

Sincerely,